IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEM MATEO,
              Plaintiff,

vs.                                                    5:06cv114/RS/MD

DOCTOR PIMENTAL, et al.,
              Defendants.

---

## ORDER and
## REPORT AND RECOMMENDATION

      Plaintiff, an inmate of the Florida penal system[1] proceeding <u>pro</u> <u>se</u>, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. Having reviewed the complaint, applicable statutes and controlling case law, the court finds that this complaint is subject to summary dismissal.

      Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner

---

[1]Plaintiff is currently out of department custody due to court order.

who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,*, 259 F.3d 1321, 1324 (11th Cir. 2001).  The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice that a case plaintiff filed in the Middle District of Florida was recently dismissed due to plaintiff's status as a "three-striker" and his inability to proceed *in forma pauperis*.  (See 8:06cv950-T-30TBM, Mateo v. Bennett, dismissed on May 31, 2006).[2]  Plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.*   In this case, plaintiff alleges that in January of 2006 he was denied a blanket and mattress during his 6 day placement in the Crisis Stabilization Unit at the institution where he was then incarcerated, in violation of the Eighth Amendment proscription on cruel and unusual punishment.  Clearly, plaintiff seeks only to redress past harm.  Such allegations, even if true, do not entitle him to proceed *in forma pauperis* in this case.  Therefore, this action should be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) is DENIED.

---

[2]The court listed plaintiff's three strikes as follows:  (1) 8:99-2866-CIV-T-26B (abuse of judicial process);1 (2) 8:99-845-CIV-T-24C (failure to state a claim); and 8:99-CV-658-T-17EAJ (failure to state a claim).  The court noted that in *Rivera*, the Eleventh Circuit found that the dismissal of one of the plaintiff's previous lawsuits as an abuse of the judicial process (for lying under penalty of perjury about the existence of a prior lawsuit) should count as one of the three strikes under this provision because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Rivera v. Allin*, 144 F.3d at 731.  Another of plaintiff's cases, filed in this court was also dismissed for abuse of the judicial process.  5:05cv73/SPM/ET.  When applying the provisions of §1915(g), it is proper to consider suits dismissed prior to its enactment, see *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999), although that was not necessary in plaintiff's case.

And it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 7th day of June, 2006.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**